UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

O'NEIL DAMION MITCHELL,

      Petitioner,

      v.                                                          20-CV-1183-JLS

ALEJANDRO MAYORKAS, et al.,

      Respondents.

_____

## DECISION AND ORDER

Petitioner O'Neil Damion Mitchell seeks disqualification of the District Judge assigned to his case. Dkt. 32. He alleges that the undersigned "is bias[ed] and prejudice[d]" in reviewing petitions for habeas relief. *Id.* at 2. Because there are no valid grounds for recusal, Petitioner's motion is denied.

## BACKGROUND

Petitioner, a native and citizen of Jamaica, entered the United States as a lawful permanent resident in 1996. Dkt. 15 ¶ 4. Following a series of criminal convictions and subsequent immigration proceedings, an Immigration Judge ("IJ") deemed Petitioner removable. *Id.* ¶ 33. Petitioner sought asylum and withholding of removal, but his request was denied. *See* Dkt. 30, at 4. Appellate proceedings

followed. *Id.* at 4-5.   Petitioner filed a petition for writ of habeas corpus in this Court on September 1, 2020.[1]  Dkt. 1.

On June 25, 2021, Petitioner filed a motion to disqualify the undersigned from presiding over this case.  Dkt. 32.  Petitioner also sought reassignment of a new District Judge.  *Id.*  On July 12, 2021, Petitioner submitted an affidavit alleging "bias and prejudice" on the part of the undersigned.  Dkt. 34.  The Government opposes Petitioner's motion.  Dkt. 36.

## DISCUSSION

## I.   RECUSAL STANDARDS

"The discretion to consider [a motion for recusal] rests with the district judge in the first instance." *In re Certain Underwriter*, 294 F.3d 297, 302 (2d Cir. 2002); *see also Apple v. Jewish Hosp. and Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987). When deciding a motion for recusal, "the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).  A litigant is "entitled to an unbiased judge; not to a judge of their choosing." *Id.*  Therefore, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *Id.*

---

[1] The Court assumes the parties' familiarity with the facts and procedural history of this case, and declines to recite them in this order.

Here, Petitioner seeks disqualification pursuant to 28 U.S.C. § 455(a).  Dkt. 32, at 4.  Under Section 455(a), a judge must recuse himself or herself "in any proceeding in which his [or her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  This objective test "deals exclusively with appearances.  Its purpose is the protection of the public's confidence in the impartiality of the judiciary."  *United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007); *see also In Re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008).The "ultimate inquiry" in a Section 455(a) case is "whether circumstances . . . create an objectively reasonable basis for questioning a judge's impartiality, by showing 'a deep-seated favoritism or antagonism that would make fair judgment impossible.'"  *In re IBM Corp.*, 45 F.3d 641, 644 (2d Cir. 1995).

Separately, recusal motions founded on allegations of "*actual* bias or prejudice" fall under two different statutes: 28 U.S.C. §§ 455(b)(1) and 144.  *United States v. Peters*, No. 03-cr-211S, 2020 WL 830425, at *2 (W.D.N.Y. Feb. 20, 2020) (emphasis added).  Although Petitioner does not raise these statutes, the Court will address them as well.  Section 455(b)(1) requires recusal "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"  28 U.S.C. § 455(b)(1).

And Section 144 requires recusal when a party demonstrates that the judge has "a personal bias or prejudice" against that party or in favor of an adverse party.  28 U.S.C. § 144.  The moving party must demonstrate bias or prejudice through the filing of a "timely and sufficient affidavit."  *Id.*  Section 144 is traditionally

3

"construed together in the same manner" as Section 455(b)(1). *Peters*, 2020 WL 830425, at *2. The analysis and substantive standard for recusal under both provisions is the same. *Apple*, 829 F.2d at 333 (recognizing that Sections 144 and 455(b)(1) "are to be construed *in pari materia*"); *see also Shukla v. Deloitte Consulting LLP*, No. 1:19-cv-10578, 2020 WL 5894078, at *1 (S.D.N.Y. Oct. 5, 2020).

The Second Circuit has observed that "§ 455(a) provides broader grounds for disqualification than either § 144 or § 455(b)(1)." *Apple*, 829 F.2d at 333. But regardless of the statutory provision applied, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Cain*, No. 05-cr-360, 2017 WL 1456980, at *5 (W.D.N.Y. Apr. 25, 2017) ("[A] party's dissatisfaction with his legal circumstances or unhappiness with a court's legal rulings or other case-management decisions does not constitute a valid basis for recusal."); *United States v. Nix*, No. 6:14-cr-06181, 2017 WL 2537348, at *6 (W.D.N.Y. June 9, 2017) (same).

## II.   PETITIONER'S MOTION FOR RECUSAL

Petitioner claims that the undersigned has shown the "deep-seated favoritism or antagonism" necessary to establish partiality under 28 U.S.C. § 455(a). Dkt. 32, at 2; *see also* Dkt. 34 at 1, ¶ 4. Specifically, Petitioner complains about a lack of successful immigration habeas challenges before the undersigned. *Id.* Petitioner cites a series of decisions in which detainees' habeas claims were denied. Dkt. 32, at 2-3. Petitioner's assertions are not only misleading, but insufficient to support recusal under Section 455(a).

"A district judge's prior decisions adverse to a defendant do not merit recusal." *See Petrucelli v. United States*, Nos. 14-cv-9310, 2-cr-99, 2015 WL 5439356, at *5 (S.D.N.Y. Sept. 15, 2015) (citing *Smith v. United States*, 554 F. App'x 30, 32 (2d Cir. 2013)). To succeed on a motion for recusal under Section 455(a), a Petitioner must present evidence of a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Deciding seven of 35 immigration habeas cases in the government's favor does not meet this stringent threshold. *See* Dkt. 36, at 4 n.4 (collecting cases). Like cases should be decided alike—unless there is a meaningful distinction. And legal error, if any, is for the Court of Appeals to determine.

Nor has Petitioner demonstrated "personal bias or prejudice" on the part of the undersigned. Although Petitioner does not specifically rely upon 28 U.S.C. §§ 144 or 455(b)(1) in his motion for recusal, he claims that this Court has shown "bias or prejudice" against him. *See e.g.,* Dkt. 32, at 2-3. Assuming Petitioner intended to raise claims under 28 U.S.C. §§ 144 or 455(b)(1) in his motion, those allegations are likewise deficient.

Although Petitioner did submit an affidavit, as is required for disqualification under Section 144, his affidavit is insufficient. 28 U.S.C. § 144; *see also Sibley v. Geraci*, No. 20-3608, 2021 WL 2224369, at *1 (2d Cir. Jun. 2, 2021). The affidavit must show "the objectionable inclination or disposition of the judge . . . [and] give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Id.* (alternation in original) (citing *Rosen v. Sugarman*, 357 F.2d 794,

5

798 (2d Cir. 1966) (internal quotation marks omitted)).  "Mere conclusions, opinions, rumors or vague gossip are insufficient." *Hodgson v. Liquor Salesmen's Union Local No. 2,* 444 F.2d 1344, 1348 (2d Cir. 1971).  Petitioner's affidavit, which criticizes the undersigned's decisions and complains of lack of access to the detention facility's law library, does not make the necessary showing. *See generally* Dkt. 34.

Petitioner also fails to show "personal bias or prejudice" under either statutory provision.  To be disqualifying under these provisions, "[t]he alleged bias or prejudice . . . must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case." *In re IBM Corp.*, 618 F.2d 923, 927 (2d Cir. 1980).  No extrajudicial source of bias or prejudice is present here.  Petitioner's allegations—which focus exclusively on Petitioner's dissatisfaction with the undersigned's prior rulings—are also inadequate to support recusal under 28 U.S.C. §§ 144 or 455(b)(1).

## CONCLUSION

Petitioner has not demonstrated that an individual might reasonably question the undersigned's impartiality; nor has he established that the undersigned harbors a personal bias or prejudice warranting recusal from this matter. Of course, there is none. Petitioner's motion for recusal is denied in its entirety.

SO ORDERED.

DATED:     August 24, 2021
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE